Shauck, J.
Notwithstanding obvious and important differences between the case here presented, and that which was presented in State, ex rel., v. Railway Company, 53 Ohio St., 189, some propositions which are material here, and which might otherwise be regarded as doubtful, are determined in that case. Conclusions material to this case which are settled in that and in other cases, and *292 statutory provisions cited in the briefs of counsel, may be stated without argument as being no longer open for discussion. Their statement will conduct us to the points in the present case entitled to further, consideration. The propositions to be taken as established are: the state became the owner in fee of all the lands, which it originally used in the construction of its canal system, including the lands in controversy; quo warranto will lie to protect the interest of the state in lands so acquired; the circuit court of Franklin county had jurisdiction of the subject of the action; no limitation bars the action since it does not seek the forfeiture of a charter, or to prevent the exercise of a power or franchise under its charter; the statutes of the state empower the attorney general to make this relation without further authorization; to test the rights asserted by the railway companies under the lease from the city of Cleveland, it is not necessary that the city be joined as a party, and the deed of the governor to the city of Cleveland is valid and effective only so far as it is authorized by the act of April 29, 1872, or ratified by subsequent acts of the state.
The case cited, State, ex rel., v. Railway Company, presents not only points of resemblance, but points of difference which are of not less legal importance. That case affirmed the authority of the state by a proceeding in quo warranto to preserve and protect an interest which it retained in lands, notwithstanding its previous grant of a mere easement. It is no authority whatever for the statement that such an action may be main *293 tained in a case where the state has no interest ■whatever to protect; and it leaves the question of the state’s interest in the present case wholly unaffected. In the present case the grant in controversy was upon a valuable consideration, in the former case it was upon no consideration whatever. In that case nothing was granted but an easement. In the present case the act of the general assembly provided that “the governor on behalf of the state, being satisfied that said connection has been so made and approved and accepted by the Board of Public Works, shall execute and deliver to the city of Cleveland, a grant of all the interest of the state in that part of said Ohio canal herein described, to be forever used and occupied by said city, as its council shall determine, for any and all of the purposes before mentioned;” and the governor in the exercise of the power so conferred upon him did “give, grant and forever quit claim unto the city of Cleveland and its assigns, all the right, title and interest of the state of Ohio” in that part of the canal. In the case cited the city of Cincinnati vacated and abandoned Pearl street which was a prominent portion of the grant, whereas, here the city has reserved the right to cross the premises leased to the railway company for such streets as it may desire to establish without the payment of compensation therefor, and it is continuing in the exercise of that right. In that case nothing occurred after the making of the grant whereby the state could be said to be estopped from the assertion of the rights which it claimed, except the legal estop *294 pel arising from its deed and the enactment by which it was supposed to be authorized; whereas, here are numerous acts out of which by familiar doctrines of equity, estoppels arise against the prosecution of this action by the state, if equitable estoppels may be pleaded against the sovereign.
Moreover the obvious attempt of the general assembly by a joint resolution to determine the present controversy in accordance with the claim of the plaintiffs in error, presents an aspect of the case that was not there present. It should not need the citation of authorities to establish the proposition that a joint resolution is not an act of legislation, and that it cannot be effective for any purpose for which an exercise of legislative power is necessary, and if a revesting of the title to these lands in the state had occurred by reason of the transactions between the city and the railway companies, it should be conceded that the exercise of legislative power would be necessary to waive the right so revesting. But the action of the legislature in the appointment of a committee to consider and report on the subject of the present controversy, the consideration given to the subject and the report of that committee, followed by the joint resolution, served very conclusively to show the knowledge of the state during all the period of its acquiescence in the assertion by the city of Cleveland and the plaintiffs in error of the rights that are now challenged.
In support of the judgment below it is urged that an estoppel cannot be pleaded against the state, and very much of the brief of the de *295 fendant in error is devoted to supporting that proposition. This portion of the brief shows conclusively that by established law the statute of limitations does not bar an action of this character, that mere laches cannot be pleaded against its prosecution, and that all persons dealing with public officials must take notice of the extent of their authority; but none of these propositions, nor all of them combined, ■ are equivalent to the proposition that when the general assembly of the state, which is vested with all legislative power, and which is the source of power in cases of this character, actively participates in the encouragement of a course of dealing resting upon an assumed state of facts, the state does not thereby become bound. Unquestionably the general assembly represented the state in this matter, and in both the original act and in the subsequent act, under which the plaintiffs in error expended money for establishing the boundaries of the premises conveyed, its concurrence and acquiescence with the knowledge clearly imputed to it serves to bind the state, for in this respect the state was acting, not in its capacity as a sovereign, but in its proprietary capacity as the owner of lands, and when it acts in that capacity it is bound by the same rules as those which it applies to its citizens. Nothing presented casts doubt upon the correctness of the view thus comprehensively stated by Ranney, J., in State v. Exr. of Buttles, 3 Ohio St., 309: “We agree when she (the state) appears as a suitor in her courts to enforce her rights of property, she comes shorn of her attributes of sovereignty, and as a body *296 politic, capable of contracting, suing, and holding property, is subject to those rules of justice and right, which in her sovereign character, she has prescribed for the government of her people.” In State, ex rel., v. Railway Co., supra, it was said: “This question of jurisdiction does not so much concern the ultimate rights of the parties as it does methods of procedure. The right of suitors respecting the subject-matter in dispute will be determined by applying to the facts, when ascertained, the same principles and rules of law, whether the action was commenced in this court in quo warranto or in the court of common pleas by a real action.” A consequence which follows the application of this doctrine to the present case is that the state must fail in its action for want of a provision in the act and a stipulation in the deed for the revesting of title in the state, if the property should be used for a forbidden purpose. The theory upon which the suit is prosecuted is that the designation of purposes for streets, etc., in the act of providing for the grant to the city of Cleveland and carried into the terms of the governor’s deed, operated as limitation upon the rights of the city, and its assigns, to use the premises for other purposes, and that the devotion of the property to the uses contemplated by the lease of the city to the railway company operated as a perversion. But the state in its proprietary capacity is amenable — if we assume that there was a departure from the designated use — to the rule well established in this state, that however it may be with respect to deeds of gift, where deeds rest upon a valuable consideration *297 and a statement of inducements or purpose with respect to the use of property granted, is disregarded, title will not revest in the grantor unless it be in pursuance of a stipulation in the grant that it shall revest.
In the case of the Village of Ashland v. Greiner et al., 58 Ohio St., 67, where in the opinion deeds of gift were expressly excluded from consideration, the case being one of grant upon consideration, it was said in the second proposition of the syllabus: “As said deed had no words of forfeiture or re-entry, the diverting of said lands to uses and purposes, other than those expressed in the deed, did not in legal effect revest title to said lands in the grantor, or his heirs.” Why should it have such effect in the present case? If by the terms of the grant to the city of Cleveland the state has divested itself of all interest in the lands conveyed, in what respect would it be benefited by an observance of the uses that were in mind at the time of the execution of the grant? But here is no perversion of a trust, or departure from the purposes in contemplation. For this conclusion, Malone v. Toledo, 28 Ohio St., 643, is ample authority. That case arose out of the disposition of lands which the state had acquired for canal purposes, and which it originally held by a title differing in no sense from that by which it held those here in controversy. That title, as is there held, was a title in fee simple. As the basis of the decision in that case, notice was taken of the familiar use of premises by streets and railroads in common, and *298 it was said railroads cross highways and no one has ever supposed that this was such an abandonment of the highway as that the soil reverted to the original owner. All the uses to which it was expected at the time of the grant that these lands would be devoted, and all the uses to which they are now devoted, are uses of like character. This conclusion is supported by other cases cited, as well as by the reasons involved.
The original petition in the case and the brief of the defendant in error wholly ignore the real nature of the transaction between the state and the city of Cleveland. Very obviously the general assembly was of the opinion that the substituted connection of the canal with the Cuyahoga river, which the city was required to construct at its own expense, acquiring the right of way therefor, was the equivalent to the state of the connection over the lands granted to the city. The making of that substituted connection was a valuable consideration for the grant. It is not intimated that the state was in any way defrauded, or even that the legislature exercised an erroneous judgment upon that subject, and yet it is insisted that the state, retaining all that it received in the way of consideration for the grant, may revoke the grant. Of course, there is assigned no reason equal to such a conclusion. In Charles River Bridge v. Warren Bridge, 11 Pet., 420, Mr. Justice Story said:
“But what, I repeat, is most material to be stated, is that all this doctrine in relation to the king’s prerogative of having a construction in his *299 own favor, is exclusively confined to cases of mere donation, flowing from the bounty of the crown. Whenever the grant is upon a valuable consideration, the rule of construction ceases; and the grant is expounded exactly as it would be in the case of a private grant, favorably to the grantee. Why is this rule adopted? Plainly, because the grant is a contract, and is to be interpreted according to its fair meaning. It would be to the dishonor of the government that it should pocket a fair consideration, and then quibble as to the obscurities and implications of its own contract.”
All agree, and this court has repeatedly decided in the cases cited in the briefs, that the state became the owner in fee simple of all canal lands upon their construction. By the act of April 29, 1872, the general assembly authorized the governor to execute and deliver to the city of Cleveland a grant of all the interest of the state in the described portion of the canal, and thereupon the governor, being satisfied, according to the requirements of the act, that the city had done all things by it to be done, including the establishing of the substituted connection, executed to the city a deed whereby he did for divers considerations convey all the interest of the state to the city. There remains in the state no interest in the lands to be protected by quo warranto, the title of the city is an unqualified fee and its lease to the railway company is valid. It cannot be necessary to point out other infirmities in the case of the state.
*300 The judgment will be reversed, the demurrer to the petition will be sustained, and the petition dismissed

Reversed.

Davis, C. J., Price, Johnson and Donahue, JJ., concur.
Spear, J., dissents.